**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DON M. MOORE,**

                              **Plaintiff,**

   vs.                                                 5:17-CV-00773 (MAD/TWD)

**THE UNITED STATES POSTAL SERVICE,**

                              **Defendant.**

---

**APPEARANCES:**                                  **OF COUNSEL:**

**DON M. MOORE**
69 S. Hamilton St.
Jordan, New York 13080-9503
Plaintiff, *Pro Se*

**OFFICE OF THE UNITED STATES**     **CHARLES E. ROBERTS, AUSA**
**ATTORNEY**
Syracuse Office
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff Don M. Moore commenced this action *pro se* on July 14, 2017, alleging violations of the Freedom of Information Act 5 U.S.C. § 552 ("FOIA") by Defendant, the United States Postal Service (the "Postal Service"). *See* Dkt. No. 1 at ¶ 1. Currently before the Court is Defendant's motion for summary judgment. *See* Dkt. No. 42. For the following reasons, the motion is granted.

### II. BACKGROUND

Plaintiff filed a complaint seeking injunctive relief under FOIA. *See* Dkt. No. 42-9 at ¶ 1. Plaintiff sent three FOIA requests to the Postal Service, requesting letters "where postal employees had been sent to a 'non existent' address for psychiatric exams." *See id*. at ¶ 5. Plaintiff alleges that the "USPS and psychiatrist [sic] play games in order to drive people into psychosis and then claim the person is 'mentally ill.'" *See id*. at ¶ 4. Plaintiff further alleges that the Postal Service is in possession of the requested letters and is improperly withholding them. *See id*. at ¶ 6.

Plaintiff's first and second FOIA request were submitted to the Postal Service by email on November 16, 2016. *See id*. at ¶¶ 8, 9. In these emails, Plaintiff requested "[a]ll letters sending USPS employees for fit-for-duty exams at non existent [sic] address of 440 East Genesee St., Syracuse NY 13202." *Id*. The Postal Service responded to Plaintiff's first two FOIA requests via email on December 21, 2016, rejecting both requests. *See id*. at ¶ 10. On April 12, 2017, Plaintiff emailed the Postal Service claiming that he had received no response regarding his appeal. *See id*. at ¶ 12. The Postal Service does not have any records of an appeal submitted by Plaintiff prior to April 12, 2017. *See id*. at ¶ 13. As such, the Postal Service treated Plaintiff's April 12, 2017 email as an appeal regarding his first and second FOIA requests, and denied it the appeal in a letter on May 2, 2017. *See* Dkt. No. 42-9 at ¶ 14. The letter rejected Plaintiff's appeal as untimely and also concluded that a search for the requested documents would be unduly burdensome. *See id*. at ¶¶ 16, 17. Plaintiff denies that the appeals were late. *See* Dkt. No. 44-2 at ¶ 16.

Plaintiff submitted a third FOIA request on June 8, 2017. *See* Dkt. No. 42-9 at ¶ 19. In this request, Plaintiff sought "[a]ll letters sending USPS employees for fit-for-duty exams in the USPS Albany District that are to incorrect addresses" and "[a]ll letters sending USPS employees

2

for fit-for-duty exams in all USPS Districts that are to incorrect addresses." *See id*. On June 12, 2017, Plaintiff's third FOIA request was denied as unreasonably burdensome. *See id*. at ¶ 20. The Postal Service does not have any record of an appeal being filed regarding Plaintiff's third FOIA request. *See id*. at ¶ 21.

### III. DISCUSSION

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

3

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, at *2 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment. *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

The Postal Service moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and to dismiss the Complaint. The Postal Service argues that it is not required to provide Plaintiff with the requested documents pursuant to an exemption listed in 5 U.S.C. § 552(b). *See* Dkt. No. 42-10 at 1. For the following reasons, the motion for summary judgment is granted.

"The Freedom of Information Act 'calls for broad disclosure of Government records.'" *ACLU v. Dep't of Justice*, 681 F.3d 61, 69 (2d Cir. 2012) (quoting *CIA v. Sims*, 471 U.S. 159, 166 (1985)). "Congress provided that some records may be withheld from disclosure under any of nine exemptions defined in 5 U.S.C. § 552(b)." *See id*. A refusal to disclose requested information is appropriate where a response to a "FOIA inquiry would cause harm cognizable under a[] FOIA exception." *Wilner v. NSA*, 592 F.3d 60, 68 (2d Cir. 2009) (quoting *Gardels v.*

4

*CIA*, 689 F.2d 1100, 1103 (D.C. Cir. 1982)). The withholding agency bears the burden of proving the applicability of claimed exemptions. *See id*. "Affidavits or declarations . . . giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).

Summary judgment is appropriate where the agency affidavits "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Wilner*, 592 F.3d at 73. Ultimately, an agency may invoke a FOIA exemption if its justification "appears logical or plausible." *Id*. (internal quotation marks omitted).

Pursuant to 5 U.S.C. § 552(b)(6) ("Exemption 6"), agencies are not required to release "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 6 is intended to "protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982). The Second Circuit has adopted a two-part test to determine whether requested information falls under Exemption 6. *See Wood v. FBI*, 432 F.3d 78, 86 (2d Cir. 2005). First, the court must "[d]etermine whether the personal information is contained in a file similar to medical or personnel files." *Id*. To determine whether information is similar to information contained within medical or personnel files, the court must ask "whether the records at issue are likely to contain the type of personal information that would be in a medical or personnel file." *Id*. (citing *Washington Post Co.*, 456 U.S. at 599). Second, the court must "balance the public's need for the

5

information against the individual's privacy interest to determine whether the disclosure of the name would constitute a 'clearly unwarranted invasion of personal privacy.'" *Id*. (citations omitted).

"Personnel and medical files generally contain a variety of information about a person, such as 'place of birth, date of birth, date of marriage, employment history, and comparable data.'" *Wood*, 432 F.3d at 86 (quoting *Washington Post Co.*, 456 U.S. at 600). While not all of the details included in the personnel and medical files may be considered intimate, "the disclosure of this information is subject to the balancing analysis under Exemption 6." *Id*. "Such files, however, are also likely to contain information about an individual's spouse and children, including their birth dates, social security numbers, and other identifying information. Whether this information may be withheld plainly would be the proper subject of the balancing analysis under Exemption 6 as well." *Id*. (citing *Simpson v. Vance*, 648 F.2d 10, 17 (D.C. Cir. 1980)).

Here, Plaintiff is seeking letters sent by the Postal Service directing employees to a "non existent" address for psychiatric evaluations. *See* Dkt. No. 42-9 at ¶ 5. Defendant argues the materials requested include medical and personnel information fall under Exemption 6. *See* Dkt. No. 42-10 at 5. The types of letters requested by Plaintiff are considered medical records and are stored with each individual employee's medical file. *See id*. at ¶ 18. The letters will likely include names and addresses of employees, and could possibly include phone numbers, email address, or other identifying information. The very nature of the letter, a referral for a psychiatric evaluation, is such that it includes information about a person's potential medical or psychological condition. As such, the requested materials are likely to contain information similar to that which may be found within a medical or personnel file.

The substantial privacy interest in employee medical records outweighs any public interest in the information. Given the fact that the requested material could potentially include identifying information of postal employees and material related to physical or psychological conditions, the Court finds that disclosure of the information would constitute an unwarranted invasion of personal privacy. Plaintiff fails to provide any coherent public interest in the information or evidence that the Postal Service has acted in bad faith. Therefore, the Court finds that the information requested by Plaintiff falls within Exception 6 to the FOIA disclosure requirements and was not wrongfully withheld by Defendant. *See* 5 U.S.C. § 552(b)(6).

### IV. CONCLUSION

After carefully reviewing the record in this matter and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that the Defendant's motion for summary judgment (Dkt. No. 42) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 9, 2018
      Albany, New York

                                                 Mae A. D'Agostino
                                                 U.S. District Judge